UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| _____ )<br>)<br>WATERTECH HOLDINGS, LLC,           )<br>)<br>)<br>Debtor          )<br>)<br>_____ ) | Chapter 11<br><br>Case No. 20-00662-jw |

**JOINT OBJECTION OF DENNIS A. AVERY, RICK M. CROSBY, MALCOLM FAGES
AND KENNETH E. METZGER TO BIDDING PROCEDURES MOTION
AND SALE MOTION**

NOW COMES, Dennis A. Avery, Rick M. Crosby, Malcolm Fages and Kenneth E. Metzger, all general unsecured creditors of the Debtor ("Responding Creditors")[1], by and through undersigned counsel, and file this Joint Objection to the Motion for Order Establishing Bidding Procedures ("Bidding Procedures Motion") and the Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. §363 ("Sale Motion"). In support of this Objection, the Responding Creditors allege as follows:

1.      This Chapter 11 case was filed on February 6, 2020.  The United States Trustee initially made inquiries regarding the appointment of an Official Unsecured Creditor's Committee ("Committee") and contacted some of the Responding Creditors

---

[1] Dennis A. Avery, Rick M. Crosby, Malcolm Fages and Kenneth E. Metzger, are general unsecured creditors of the Debtor listed in the Schedules filed in this case.  Each of the Responding Creditors' have claims that are listed on the Debtor's Official Form 204, List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders The Metzger claim is not listed on Official Form 204, though it clearly be listed there. Each of the Responding Creditor's claims arise out of loans or funds advanced to the Debtor.  Avery's claim is listed in the Schedules as Contingent in the amount of $51,000.00,  Crosby's claim is listed in the Schedules as Disputed in the amount of $20,000.00, Fages' claim is listed in the Schedules as Disputed in the amount of $25,000.00 and Metzger's claim is listed in the Schedules in the amount of $51,000.00.

identified herein. However, when the Debtor amended its Petition to elect the Small Business Debtor designation (ECF Doc. No. 23), the US Trustee filed a Statement indicating "a committee is presently not warranted pursuant to 11 U.S.C. §1102(a)(3)." (ECF Doc. No.30).

2.  Because the U.S. Trustee declined to appoint a Committee in this case and the costs of hiring individual counsel may become cost prohibitive to the unsecured creditors individually, the Responding Creditors have agreed to file this Joint Objection to the Bidding Procedures Motion and Sale Motion.[2]

3.  The Responding Creditors agree with and join in the Objection to the Bidding Procedures Motion and the Sale Motion filed by the United States Trustee.

4.  The Responding Creditors believe the proposed bidding procedures unfairly favor the proposed purchaser over other potential purchasers interested in the assets.

5.  The Responding Creditors further believe that there has been insufficient disclosure of the assets to be sold, the value of the assets and the extent to which the assets were marketed and/or the extent to which the market is even aware of the availability of the assets for sale.

6.  The Debtor has offered no explanation as to why a sale is necessary before a Disclosure Statement is filed and creditors and parties in interest are fully informed of matters necessary to understand the nature of the assets, the value thereof,

---

[2] Bankruptcy Rule 2019(b) requires that a verified statement identifying the formation of a group or committee not appointed under §1102 or §1114 and requiring that the name of each creditor making up that group be provided to the Court and interested parties. Though that information is provided in this Joint Objection, the undersigned intends to file a Rule 2019 Disclosure identifying each creditor authorizing this Joint Objection.

the nature and extent of claims including those to be waived and included in the sales price and the likelihood that the sale would generate the royalties that the Debtor indicates are an integral part of the sales price.

7. The Debtor has offered no explanation as to why the sale must proceed so quickly, barely thirty (30) days into the case, requiring Objections before the date of the §341 Meeting when creditors could inquire as to the many questions arising from these hastily filed Motions.

8. It is unclear from the Motion what the minimum amount of a competing or qualified bid must be, whether the claims to be waived must be included in the calculation, the extent to which such claims may be subject to objection or disallowance and the basis for such a large "topping bid," all of which tend to "chill" further bidding rather than enhance competing offers thereby maximizing the value to the estate for the benefit of the creditors.

9. Upon information and belief, the Debtor now indicates it does not intend that the Sale Motion move forward on April 1, but that only the Bid Procedures Motion proceed on the hearing date. It is unlikely that a potential competing bidder could have determined that by reading the Motions as filed and may have been dissuaded from bidding based upon that alone.

10. The Responding Creditors have been informed that at least one other party is interested in making an offer for the assets proposed to be sold, but that party and other parties could be chilled from making offers under procedures clearly favoring the proposed purchasers.

THEREFORE, the Responding Creditors hereby Object to the Bidding Procedures Motion and Sale Motion as filed and request that the Court hear all objections, deny the relief sought and require procedures allowing for a more fair process designed to maximize the assets to be held for sale.

This the 23rd day of March, 2020.

Charleston, South Carolina

*s/J. Ronald Jones, Jr.*
J. Ronald Jones, Jr.
U.S. District Court ID 5874
Smith Debnam Narron Drake
Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Telephone:  (843) 714-2535
Email: Rjones@smithdebnamlaw.com

Attorneys for Responding Creditors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WATERTECH HOLDINGS, LLC,<br><br>              Debtor | Chapter 11<br><br>Case No. 20-00662-jw |

**Certificate of Service**

The undersigned does hereby certify that on March 23, 2020, I served the following parties with the foregoing Joint Objection to the Bidding Procedures Motion and Sale Motion at the following addresses shown below:

WT Asset Acquisition Group, LLC
875 Walt Miller Street, Suite A1
Mount Pleasant, SC 29464

Watertech Holdings, LLC
4360 Corporate Road, Suite 100
North Charleston, SC 29405

G. William McCarthy, Esquire
W. Harrison Penn, Esquire
1517 Laurel Street
P. O. Box 11332
Columbia, SC 29201-1332

David Kimball, Esquire
Robinson Bradshaw & Hinson, P.A.
202 East Main Street, Suite 201
Rock Hill, SC 29730

Elisabetta G. Gasparini, Esquire
1835 Assembly Street, Suite 953
Columbia, SC 29201

<em>s/J. Ronald Jones, Jr.</em>