UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**FILED**

APR 15 2020

United States Bankruptcy Court
Columbia, South Carolina

| | |
|---|---|
| In re:<br><br>Watertech Holdings, LLC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-00662-jw |

### CONSENT ORDER ESTABLISHING BIDDING AND OTHER PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS OF THE DEBTOR AND GRANTING PROTECTIONS TO THE PROPOSED PURCHASER

THIS MATTER came before the Court on the Debtor's Motion for Order Establishing Bidding and Other Procedures in Connection with the Sale of Assets of the Debtor and Granting Protections to the Proposed Purchaser ("Bid Procedures Motion"), filed March 2, 2020. By separate filing, the Debtor filed a Motion for Order Authorizing The Sale of Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363 for a purchase price of $125,000 (the "Purchase Price"), which consists of $115,000 in cash upon closing, $10,000 of earnest money that was expended by the Debtor pre-petition in due diligence to maintain a patent application, post-closing payments from the assignment of five percent (5%) of the net-profit from Purchaser for a period of five (5) years not to exceed $250,000, and cancellation of indebtedness in the amount of $976,200[1] ("Sale Motion"). The proposed sale is a sale of substantially all of the Debtor's assets, including contracts, permits, intellectual property, goodwill, and all documents and rights relating thereto as more fully described in the Asset Purchase Agreement (the "APA) filed as Exhibit A to the Sale Motion. The APA is hereby specifically incorporated herein by reference. The assets being sold shall, hereinafter, be referred to as the "Purchased Assets."

The Bid Procedures Motion requests entry of an order: (i) establishing bidding procedures in connection with the proposed sale to the Purchaser and (ii) granting certain purchase offer protections to the Purchaser in the form of a Reimbursement Fee (as defined in more detail in paragraph 2(c) below) in the event that any person other than the Purchaser acquires the Purchased Assets other than due to a breach of the APA by the Purchaser. Objections to the Debtor's Bid Procedures Motion were filed by (a) the United States Trustee [Docket No. 34]; (b) Colette Winters [Docket No. 48]; Dennis A. Avery, Rick M. Crosby, Malcom Fages, and Kenneth Metzger [Docket No. 40] (collectively, the "Objecting Parties"). These objections are hereby resolved by the consenting signatures to this

---

[1] The claim of Global Financial Services Consulting, LLC filed on the Court's Claims Register in the amount of $655,200 is subject to the security interest of Colette Winters and is subject to this Court's Order *In re Frederick Scott Alderson*, C/A No. 18-01358-jw (Alderson Bankruptcy Doc. 124). Ms. Winters does not consent to any claim waiver at this time.

Consent Order. Upon discussion with the Objecting Parties, the Debtor represents that there was no privacy policy in place on the day the Debtor filed for bankruptcy relief, relating to the Debtor's Customer List, which would have triggered the requirements of 11 U.S.C. § 332. The Debtor further represents that it does not intend to convey any causes of action pursuant to Chapter 5 of the Bankruptcy Code, or any recovery from any insurance policy that may be in place.

It appearing that that the bidding procedures as detailed in this Consent Order are commercially reasonable and will facilitate the sale process and maximize the value of the Purchased Assets for the estate, that the Due Diligence Reimbursement Fee for the proposed Purchaser described below is appropriate, and that the relief requested in the Bid Procedures Motion is in the best interests of the estate, it is hereby:

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is granted as set forth herein.
2. The following bidding procedures are approved:

   a. Any bid from any persons or entity other than the WT Asset Acquisition Group (the "Purchaser" as defined in the Debtor's Sale Motion) to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

   i. be in writing and accompanied by a redlined APA outlining the changes from the proposed Purchaser's APA;

   ii. contain terms and conditions that are substantially similar, in all material respects to the APA, other than the identity of the bidder and the amount of the cash Purchase Price proposed in the Purchaser's APA;

   iii. be accompanied by a written acknowledgment and agreement that the terms of the bid are substantially similar in all material respects to the APA, except for the identity of the bidder and the Purchase Price, and that the bidder, should it be declared the winning bidder, will enter into an APA with the Debtor confirming the terms of such winning bid;

   iv. exceed the Purchase Price by at least Twenty-Five Thousand and no/100 ($25,000);

   v. include satisfactory evidence of the financial ability of the Qualified Competing Bidder to timely consummate the purchase for cash;

      vi.      include a deposit of One Hundred Twenty-Five Thousand and no/100 ($125,000) in certified funds payable to the trust account of counsel for the Debtor; and

      vii.      be received by the Debtor's counsel, G. William McCarthy, Jr., Esq. at 1517 Laurel Street, Columbia, SC or at bmmcarthy@mccarthy-lawfirm.com, and the Purchaser's counsel, Sean Markham, Esq. at PO Box 20074, Charleston, SC 29413 or at sean@markhamlawsc.com, no later than the close of business on **June** **26**, 2020, which is following the close of the marketing period detailed in paragraph 5 herein, and at least ten (10) days prior to the proposed auction of the Debtor's assets.

   b.   The Court will conduct an auction for the Purchased Assets as a part of the hearing on the Sale Motion (the auction and sale hearing shall hereinafter be referred to as the "Sale Hearing"). **The Sale Hearing shall be held on July 8, 2020 at 10:30** a.m. at 145 King Street, Room 225, Charleston South Carolina. Any objections to the Debtor's Sale Motion may be filed up until completion of the Auction and be heard at the Sale Hearing. To the extent any Objecting Party has previously raised an objection to the sale, any such objection is preserved until the Sale Hearing. The Debtor will use its best business judgment regarding any submitted bids to determine if any such bids constitute a Qualified Competing Bid as set forth herein. The Debtor shall file a report with the Court via CM/ECDF no later than five (5) days prior to the Sale Hearing reflecting (a) the identity of all competing bids received and any connection the bidder has to the Debtor, (b) a summary of the purchase price offered by the competing bidder, (c) the revised terms proposed from the Purchaser's original APA, and (d) whether the Debtor considers a particular bid as a Qualified Competing Bid. The Debtor or any interested parties with standing shall have the right to object to any bid being deemed, or not being deemed, a "Qualified Competing Bid." The Court shall decide any dispute over what constitutes a "Qualified Competing Bid," and nothing in this Order shall be read to prohibit the Court from considering higher or otherwise better bids on terms that differ from the Debtor's proposed sale.

c.  Upon receipt of any Qualifying Competing Bid as described in paragraph 2(a) above, the Purchaser shall have the unconditional right to submit an overbid by delivering to the Debtor, no later than the beginning of the auction and Sale Hearing, two signed copies of an amendment to the APA in which the Purchase Price set forth therein exceeds the purchase price offered by the Qualified Competing Bidder pursuant to paragraph 2(a) above; by exceeding the Purchase Price of any Qualified Competing Bidder by at least $25,000.. Any such higher bid of the Purchaser shall be subject to Debtor's acceptance of still higher and better bids submitted during the Sale Hearing in compliance with this section; provided, however, that such higher and better bid shall equal the sum of: (i) the Purchase Price under the amendment to the APA submitted by the Purchaser; plus (ii) an additional amount of at least Twenty-five Thousand and no/100 ($25,000) (a "Yet Higher Offer"). In the event of Yet Higher Offers, Purchaser shall have the continuing right to exceed the Yet Higher Offer of any Qualified Competing Bidder and each Qualified Competing Bidder shall have the continuing right to continue to submit an overbid in minimum amounts of at least $25,000 more than the previous bid, unless and until such time as the Purchaser and any other Qualified Competing Bidder elects not to make a further overbid and the auction is concluded.

d.  In the event that any person or entity acquires the Purchased Assets other than due to a breach of the APA by the Purchaser, the Purchaser shall be entitled to the return of its earnest money deposit in the amount of One Hundred Twenty-Five Thousand and no/100 dollars ($125,000.00) plus its reasonable legal fees not to exceed an additional $10,000 (the "Due Diligence Reimbursement Fee"), subject to Court approval as set forth below in Paragraph 4, for its efforts in procuring the APA and advancing the stalking horse bid.

e.  In the event that a Qualified Competing Bid is received, the Debtor will request the Court to approve a "back up" bid. If the successful bidder is unable to close the sale within fourteen (14) business days of the entry of a final order approving the sale, the successful bidder shall forfeit its deposit made pursuant to paragraph 2(a)(vi) above, and the Debtor shall close the sale of the Assets to the "back up" bidder without the necessity of obtaining another order from this Court.

  f. The deposit made by any Qualified Competing Bidder, pursuant to paragraph 2(a)(vi) above, who is not either the successful purchaser of the Assets or the "back up bidder" shall be returned to such Qualified Competing Bidder within three (3) business days after the Hearing. The deposit made by any Qualified Competing Bidder that is designated as a "back up" bidder shall be returned to such Qualified Competing Bidder within three (3) business days after the closing of the sale of the Assets to the winning bidder.

  g. Acceptance by the Debtor of a Qualified Competing Bid as a winning bid or a back-up bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing the Debtor to consummate the sale.

  h. If a Qualified Competing Bid is accepted by the Debtor as the winning bid or back-up bid, those Qualified Competing Bids shall remain open and irrevocable through closing of the sale of the Assets.

  i. Any dispute regarding any aspect of the foregoing bidding procedures shall be resolved by the Bankruptcy Court.

  3. If the Debtor, in the exercise of its best business judgment, rejects any bid as noncompliant because bidder has failed to timely demonstrate the ability to fund and close on its bid or to timely place its earnest money deposit, then the Debtor or a party in interest may file an application with the Court seeking sanctions against such bidder. If after notice and a hearing, the Court determines that the Debtor was justified in rejecting such bid and that sanctions are appropriate, then the Court may award appropriate sanctions against a noncompliant bidder who fails to timely demonstrate the ability to fund and close on its bid. Any agent holding deposits pursuant to Paragraph 2(a)(vi) is authorized to retain such deposits pending any sanctions determination by the Court.

  4. Pursuant to the provisions of Paragraph 2(d), the Purchaser can submit an application for the Due Diligence Reimbursement Fee on at least twenty-one (21) days notice to all creditors and parties in interest, seeking reimbursement of such Due Diligence Reimbursement Fee. Any such application shall be supported by detailed time entries maintained in 0.1 hourly increments and shall be subject to rights of parties in interest to review on reasonableness grounds.

  5. The Debtor shall take reasonable steps to market the proposed sale for no less than sixty-five (65) days and solicit higher or otherwise better offers, including the advertising of the proposed sale with the Regional Business Journals published by SC Biz News, a trade publication commonly looked to in the Debtor's region and industry. Within five (5) days of the entry of this Order, the Debtor shall file a certificate of service demonstrating that this Order was served upon the

Debtor's creditors, any parties entitled to notice under Fed. R. Bankr. P. 2002, and any parties that have expressed an interest in purchasing the Debtor's assets.

6. Debtor's counsel shall maintain a "virtual data room" containing the due diligence information that is commonly requested in these circumstances, including all material contracts and evidence of intellectual property registrations, which shall be provided to interested bidders upon the execution of a non-disclosure agreement with the Debtor.

7. The Debtor shall serve this Order and the Sale Motion on all creditors and parties in interest and any other entities that have shown an interest in purchasing the Purchased Assets.

WE SO CONSENT:

McCARTHY REYNOLDS & PENN, LLC

/s/ W. Harrison Penn
G. William McCarthy, Jr. (Fed ID #2762)
W. Harrison Penn (Fed ID #11164)
*Attorneys for the Debtor-in-Possession*
1517 Laurel St.
Columbia, SC 29201
(803) 771-8836
hpenn@mccarthy-lawfirm.com

UNITED STATES TRUSTEE, REGION 4

/s/ Elisabetta G. Gasparini
John P. Fitzgerald, III
Elisabetta G. Gasparini (Fed ID #11548)
*Office of the United States Trustee*
1835 Assembly St., Suite 953
Columbia, SC 29201
(803) 765-5227
elisabetta.g.gasparini@usdoj.gov

NELSON MULLINS RILEY & SCARBOROUGH, LLP

/s/ George B. Cauthen
George B. Cauthen (Fed ID # 00081)
*Attorneys for Collette Winters*
PO Box 11070
Columbia, SC 29211
(803) 799-2000
George.cauthen@nelsonmullins.com

SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP

/s/ J. Ronald Jones, Jr.
J. Ronald Jones, Jr. (Fed ID #5874)
*Attorneys for Dennis Avery, Rick Crosby, Malcom Fages, and Kenneth Metzger*
171 Church St. Suite 120C
Charleston, SC 29401
(843) 714-2535
rjones@smithdebnam.com

AND IT IS SO ORDERED.

John E. Waites
U.S. Bankruptcy Court Judge
District of South Carolina

4/15/20
Date