# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Chapter 11 |
| Watertech Holdings, LLC | Case No. 20-00662-jw |
| Debtor. | |

## SECOND AMENDED BIDDING REPORT FOR THE DEBTOR'S SALE MOTION

Watertech Holdings, LLC ("Debtor") hereby file this Amended Bidding Report for the Sale Motion. Reporting to this Court, the Debtor states the following:

### *BACKGROUND FACTS*

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 6, 2020 (the "Petition Date"). The Debtor is operating its businesses and managing its assets as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2. On March 2, 2020, the Debtor filed a Motion for entry of an order: (1) approving the terms of a proposed sale of substantially all of the Debtor's assets, including contract rights, causes of action, intellectual property, and, goodwill, to WT Asset Acquisitions Group, LLC ("WAAG" or "Stalking Horse") free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. §363[1] for a purchase price which consists of $115,000 in cash upon closing, $10,000 of earnest money that was expended by the Debtor pre-petition in due diligence to maintain a patent application, post-closing payments from the assignment of five percent (5%) of the net-profit from Purchaser for a period of five (5) years not to exceed $250,000, and cancellation of indebtedness in the amount of $976,200 (the "Purchase Price").

3. Along with the Sale Motion, Debtor filed a Motion for Order Establishing Bidding and Other Procedures in Connection with the Sale of Assets of the Debtor and Granting Protections to the Proposed Purchaser ("Bid Procedures Motion"). Objections to Debtor's Bid Procedures Motion were filed by the United States Trustee ("UST") [Docket No. 34], Colette Winters

---

[1] 11 U.S.C. §§ 101, *et seq.*, will hereinafter be referred to as the "Bankruptcy Code" and further references to sections of the Bankruptcy Code will be made by section number only.

[Docket no. 48]; Dennis Avery, Rick M. Crosby, Malcom Fages, and Kenneth Metzger [Docket No. 40] (collectively, the "Objecting Parties").

4. On April 15, 2020 with the consent of the Objecting Parties, the Court entered its Consent Order Establishing Bidding and Other Procedures In Connection with the Sale of Assets of the Debtors and Granting Protections to the Proposed Purchaser ("Bid Procedures Order") [Docket No. 51].

5. On June 26, 2020, Debtor received the First Amended and Restated Asset Purchase Agreement ("Amended APA") from WAAG.  Debtor also received an email expressing an intent to bid from counsel for Argus Group on or before July 1, 2020.

6. On July 7, 2020, the hearing scheduled on Debtor's Sale Motion was continued to August 5, 2020 at 1:00 P.M. in compliance with COVID Restrictions found in the Amended Standing Order entered Tuesday, May 19, 2020 by Chief District Judge R. Bryan Harwell.  This Bankruptcy Court's Notice of Continuance of the Sale Hearing [Docket No. 69], further provides that any additional bids or objections to the Sale Motion be filed on or before July 8, 2020 at 10:30 A.M.

7. The Debtor received a proposed Asset Purchase Agreement from Argus Group (the "Argus APA") prior to 10:30 A.M. on July 8, 2020.  Despite the language of the Argus APA, as of the filing of this Amended Bidding Report, Argus Group has not supplied the Debtor with a $125,000 earnest money deposit.  2

8. No new objections were filed to Debtor's Sale Motion.

9. Counsel for the Debtor has been in contact with Argus regarding the contingencies of the Argus APA and the earnest money deposit on July 8, 10, and 14, 2020.

10. On July 21, 2020, WAAG submitted a Second Amended and Restated Asset Purchase Agreement ("Second Amended APA") for the purposes of describing the assets being purchased with greater specificity.

---

2 Counsel for the Debtor was contacted by Argus Group on August 4, 2020.  Argus inquired whether the removal of contingencies and deposit of funds sufficient to consummate the sale would allow the Debtor to report that Argus is a Qualified Competing Bidder.  Debtor's Counsel advised Argus that it should present a non-contingent APA, deposit the required earnest money, and appear at the hearing to pursue its bid.

11. On July 31, 2020, the Debtor received a proposed Asset Purchase Agreement from PureCycle, LLC (the "PureCycle APA") along with an earnest money deposit in the amount of $125,000.

## *DISCUSSION*

12. Pursuant to the Bid Procedures Order, any bid from any persons or entity other than the Stalking Horse Bidder, WAAG, shall be treated as a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), only if the bid shall:

   a. be in writing and accompanied by a redlined asset purchase agreement ("APA") outlining the changes from WAAG's APA;

   b. contain terms and conditions that are the same, substantially similar, or more beneficial to the estate.  This provision shall not be interpreted to prevent offers for a single parcel or group or groups of parcels;

   c. be accompanied by a written acknowledgement and agreement that the terms of the bid are substantially similar in all material respects to WAAG's APA, except for the identity of the bidder and the Purchase Price, or shall specify how the bid is more beneficial to the estate;

   d. exceed the Purchase Price by at least Twenty-Five Thousand and no/100 ($25,000);

   e. include satisfactory evidence of the financial ability of the Qualified Competing Bidder to timely consummate the purchase for cash; and

   f. include a deposit of One Hundred Twenty-Five Thousand and no/100 ($125,000) in certified funds payable to the trust account of counsel for the Debtors.

13. The Bid Procedures Order further requires that Debtor use its best business judgment regarding any submitted bids and may consult with other parties in interest to determine if any such bids constitute a Qualified Competing Bid.

14. The Bid Procedures Order ultimately notes that, "The Court shall decide any dispute over what constitutes a "Qualified Competing Bid," and nothing in [the Bid Procedures Order] shall be read to prohibit the Court from considering higher or otherwise better bids on terms that differ from the Debtors' proposed sale."

15. Upon review, the Debtor believes that the Court should determine whether the Argus APA and the PureCycle APA should be considered as a Qualified Competing Bids.

16. The Second Amended APA from WAAG is attached hereto as **Exhibit A**. The Argus APA is attached hereto as **Exhibit B**. The PureCycle APA is attached hereto as **Exhibit C**. The Debtor asks that the Court consider the Amended APA at the hearing, which has been rescheduled for 1:00 P.M. on August 5, 2020 at the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina.

## *CONCLUSION*

As demonstrated above, the Debtor has received an Amended APA and continuing interest in the purchase of the assets subject to the pending Sale Motion. The ultimate determination on whether the additional bid received is a Qualified Competing Bids must be made by the Court.

RESPECTFULLY SUBMITTED on this the 4th day of August 2020, at Columbia, South Carolina.

          McCARTHY, REYNOLDS, & PENN, LLC

By:    /s/ W. Harrison Penn
       G. William McCarthy, Jr., I.D.#2762
       Daniel J. Reynolds, Jr., I.D.#9232
       W. Harrison Penn, I.D.#11164
       *Attorneys for the Debtor*
       1517 Laurel Street
       Columbia, SC 29201-1332
       (803) 771-8836 (Phone)
       hpenn@mccarthy-lawfirm.com